**82**

Arthur A. Maguire, Asst. U. S. Atty., of Scranton, Pa.

Adrian H. Jones, of Hazleton, Pa., for defendants.

JOHNSON, District Judge.

This is a motion in arrest of judgment and for a new trial in the case of the United States v. Thomas V. Bonner, Sr., Cinderella M. Bonner, and John Krouse, Thomas V. Bonner, Jr., and William R. Gallagher. The jury rendered a verdict of guilty against Thomas V. Bonner, Sr., not guilty as to Thomas V. Bonner, Jr., guilty with recommendation of mercy as to Cinderella M. Bonner, not guilty as to William R. Gallagher, and guilty as to John Krouse.

Two main reasons are argued for a new trial. The first reason is that the United States Attorney, referring to some of the defendants, asked whether any character evidence or testimony was offered as to them. This remark or question was made by the United States Attorney in his argument or summation to the jury. At the time counsel for the defendants objected and asked for the withdrawal of a juror. No further remarks or discussion were engaged in by the United States Attorney; no further comments were made by him on the failure of certain defendants to offer evidence of good reputation. In the charge to the jury, the court fully explained the law relating to the reputation of the defendants; that their reputations were presumed to be good, and as to the certain defendants referred to, the presumption continued that

**UNITED STATES v. BONNER et al.**

**No. 9144.**

District Court, M. D. Pennsylvania.

Nov. 5, 1937.

their reputations were good and the jury were obliged to accept this presumption as proof. The court went to unusual length to explain the presumption of good character in favor of the defendants in question because of the fact that the United States Attorney had raised the question that no character testimony in favor of certain defendants had been offered. In view of the fact that the United States Attorney made no unfavorable comment further than to ask the question in the hearing of the jury in his argument, and in view of the fact that the court clearly explained the law as to the benefit of character testimony and the presumption in favor of the defendants, no harm was done to the defendants by the remark or question of the United States Attorney.

Several cases have been cited by counsel for defendants; the case of McKnight v. United States (C.C.A.) 97 F. 208, and the case of Lowdon et al. v. United States (C. C.A.) 149 F. 673. In both these cases somewhat extended comments were made by the United States Attorney on the failure of the defendants to offer evidence of good reputation. These comments were objected to, and the court, instead of correcting the errors or attempting to cure any injury done, refused to do the same, and in fact sanctioned the comments of the United States Attorney. This was clearly error on the part of the court in these cases; but in the case at bar the court fully corrected any injury that may have been done and cured the same. In Dale v. United States (C.C. A.) 66 F.(2d) 666, Circuit Judge Alschuler, delivering the opinion of the court where this same question arose, held that while remarks about the failure to produce testimony of good reputation was improper, yet improper remarks might be cured by the court. In all of these three cases the remarks were clearly improper and prejudicial. In the case at bar, the remarks were mild, not continued, but merely in the shape of a question, and clearly and fully cured by the court in its charge.

■ Another point argued for a new trial was testimony given by one of the government's witnesses that Thomas V. Bonner, Jr., stated to a person, while in the neighborhood of the premises where the still was located, that a person close by was his father, meaning Thomas V. Bonner, Sr. Under all the circumstances this statement was a part of the res gestæ, part of the very transaction there, and was admissible.

This covers the main reasons for a new trial, and since the defendants had a full, fair trial, and the defendants were given the benefit of every reasonable doubt by the court in its charge, and all of the legal rights of the defendants were fully explained and set forth in a charge that was full and complete, to which no exceptions were taken, and in further consideration of the fact that the court at the end of the charge asked both parties to the case whether any further explanations or instructions were requested, and none were asked, the court is of the opinion that the motion for a new trial and in arrest of judgment should be overruled.

And now, November 5, 1937, all the reasons for a new trial are dismissed, the motion for a new trial and arrest of judgment is overruled, and a new trial is refused.